**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maximiliano REYES–REYNOSO,
Defendant–Appellant.**

No. 05–50749.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Dec. 22, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce Smith, AUSA, US Attorneys Office, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marc Carlos, San Diego, CA, for Defendant–Appellant.

Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Maximiliano Reyes–Reynoso appeals his conviction for importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960, and for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The facts and the procedural posture of the case are known to the parties and we do not repeat them here.

■ The district court did not err in instructing the jury that "the defendant is innocent until the contrary is proven." This instruction did not allow the jury to abandon the presumption of innocence before it found guilt beyond a reasonable doubt, because the instructions as a whole were not misleading or inadequate to guide the jury's deliberation. *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000) ("In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." (citation omitted)); *United States v. Frega*, 179 F.3d 793, 806 n. 16 (9th Cir.1999) (same).

Reyes–Reynoso argues that *United States v. Cummings*, 468 F.2d 274 (9th Cir.1972), and *United States v. Perlaza*, 439 F.3d 1149 (9th Cir.2006), compel a contrary conclusion. We disagree. Although we criticized a presumption of innocence instruction in *Cummings*, we held there was no plain error "because, *when considered with other instructions*, those of which [the defendant] complains are harmless." 468 F.2d at 280 (emphasis added). Nor does *Perlaza* require us to hold there was error with the instruction challenged in this case. There, we consid-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ered a presumption of innocence instruction inadequate to cure an egregious misstatement by the prosecutor, who asserted that a "presumption of guilt" would overcome the jury once it began deliberating. 439 F.3d at 1171–72.

The district court did not err in admitting evidence of the prior border crossing. Evidence is not of an "other act" subject to the requirements of Federal Rule of Evidence 404(b) "if it is *inextricably intertwined* with the crime charged." *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir.2002) (emphasis added). Evidence is "inextricably intertwined" if it is "necessary to ... permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* In this case, evidence of the prior border crossing, which disclosed an empty airbag in the vehicle, was "inextricably intertwined" with the crimes charged, because it was necessary to establish a critical time frame when the methamphetamine was placed in the airbag compartment. Accordingly, evidence of the prior border crossing was not "other act" evidence constrained by Rule 404(b). *See United States v. Sanchez–Robles*, 927 F.2d 1070, 1078 (9th Cir. 1991).

**AFFIRMED.**